

5 Waller Avenue • Suite 200 • White Plains, NY • 10601
**tel** 914.353.3850 • **fax** 914.353.3851 • www.wshblaw.com

Meghan A. Dibbini
**direct dial** 914.353.3833
**email** mdibbini@wshblaw.com

March 13, 2025

Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

|  |  |  |
|---|---|---|
| Re: | ***Emergency Request to Seal Plaintiff's Complaint in Docket No. 1:25-cv-01353-JMF captioned Joshua Pickar v. Indiana Federal Community Defenders, Inc. et al.*** | |
|  | Our Client: | Indiana Federal Community Defenders, Inc., Monica Foster, Angela Elleman, Sara Varner, and Jean Giles |
|  | Case No.: | 1:25-cv-01353-JMF |

Dear Judge Furman:

This Firm represents the Defendants, Indiana Federal Community Defenders, Inc. ("IFCD"), Monica Foster, Angela Elleman, Sara Varner, and Jean Giles in the above-referenced matter (collectively "Defendants"). This letter-motion is submitted to respectfully request that this Honorable Court order the sealing of the Plaintiff's Complaint in this matter, or, alternatively, allow a redacted version of the Complaint to be filed. This request is made pursuant to the applicable provisions of the law (outlined below), which recognize the necessity of protecting sensitive information and maintaining the integrity of judicial proceedings.

*IFCD*:

IFCD is a federally funded not for profit organization whose mission is to provide public defense services. IFCD's 2255 Unit is the first of its kind and is devoted exclusively to the representation of persons convicted and sentenced to death in the federal system whose convictions and death sentences have been affirmed on direct appeal. IFCD's public website indicates that "almost all of the federal death row prisoners in the country are housed at the United States Penitentiary in Terre Haute which is 75 miles from [IFCD's] offices in Indianapolis." See: https://www.indianafederaldefender.org/about/the-capital-2255-division/.

March 13, 2025
Page 2

*Plaintiff's Complaint*:

In this matter, Plaintiff brings claims involving his current employment with IFCD and the Complaint contains several references to specific IFCD clients. While they are referred to as Client A and Client B, it is not difficult to determine who these clients are, ████████████████████████████████████████████████████████████████████████████████████ Disclosure of such information poses a *significant risk* to client privilege and confidentiality, a cornerstone of the attorney-client relationship in general, and most specifically in death row matters. The public availability of this information could pose grave risk to the Defendant's ability to effectively represent their clients, as it may lead to unwarranted invasions of privacy, publicity, and potential misuse of sensitive information.

Moreover, Plaintiff's Complaint reveals several attorney-client privileged communications as well as communications between clients' counsel regarding the clients, sometimes even *quoting* such conversations, and other times paraphrasing such conversations. Under CPLR § 4503, such conversations are privileged and confidential. *In re Connecticut*, 179 Misc.2d 623 (1999). This privilege ensures that communications made for the purpose of facilitating the rendition of legal advice or services are protected from disclosure.

Additionally, the Complaint includes allegations which, if left unsealed, could cause irreparable harm to client relationships, potentially causing IFCD clients to part ways with their counsel, to their detriment. The seriousness of this matter cannot be overstated. The concern is that this clientele is particularly fragile, and any perceived disloyalty could result in a rash decision that the current administration would seize. "Restoring the Death Penalty and Protecting Public Safety," Exec. Order No. 14164, 90 Fed. Reg. 8463 (Jan. 20, 2025), *available at:* https://www.whitehouse.gov/presidential-actions/2025/01/restoring-the-death-penalty-and-protecting-public-safety/; "Reviving the Federal Death Penalty and Lifting the Moratorium on Federal Executions," Att'y Gen. (Feb. 5, 2025).

Consequently, the immediate sealing of this Complaint is essential to preserve higher values. Higher values that may justify the sealing of documents include national security concerns, **attorney-client privilege**, law enforcement interests, or the **privacy interests of third-parties**. See *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354 (S.D.N.Y. 2020) (emphasis added). See Also *Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387 (S.D.N.Y. 2024) ("Where privacy interests require redactions so systematic that unsealing a document is more likely to mislead than inform the public, sealing the entire document is the more appropriate

---

[1] https://deathpenaltyinfo.org/state-and-federal-info/federal-death-penalty/list-of-federal-death-row-prisoners

March 13, 2025
Page 3

course.")("When determining the weight of an individual's privacy interest in sealing court records, the court should consider the reliability of the information; raw, unverified information should not be as readily disclosed as matters that are verified."). Here, it is evident that Plaintiff's allegations reveal attorney-client privileges and reveal privacy interests of Defendants' clients.

As recited in *Delta Air Lines, Inc.*, the decision regarding access to judicial records is one best left to the sound discretion of the court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. *Id.* As detailed below, we are confident the Court will find that the allegations/ statements set forth in Plaintiff's Complaint should be sealed, as the privacy interests which IFCD and its clients face are robust.

*"Client A"*:



March 13, 2025
Page 4

███████████████████████████████████

To allow these allegations to be filed in a public Complaint violates attorney-client privilege, reveals client identities, and jeopardizes the continued representation of Client A.

*"Client B"*:

Plaintiff similarly reveals client confidences and attorney-client privileged information regarding "Client B."



March 13, 2025
Page 5

 In the same way as "Client A," to leave these allegations publicly filed violates attorney-client privilege and jeopardizes the continued representation of "Client B."

*Redactions to Complaint*:

In the alternative, we request redactions to the filed Complaint. A proposed redacted version of the Complaint is attached hereto as "**Exhibit A**." A proposed redacted version of the Complaint with said paragraphs/ portions of paragraphs *highlighted* is attached "**Exhibit B**" (which include all paragraphs outlined above).

*Meet and Confer*:

Please note that, pursuant to Judge Furman's Individual Rules and Practices, we conferred with Plaintiff's counsel regarding the scope of our proposed redactions. We have attached the correspondence hereto as "**Exhibit C**." The parties remain at an impasse as to several paragraphs for which redactions are requested.

*Relief Requested*:

Given the above concerns, Defendants respectfully submit that immediately sealing the Complaint is necessary to prevent potential harm and to uphold the principles of confidentiality and fairness, or, in the alternative, redacting the paragraphs as highlighted in Exhibit B. We believe this measure is consistent with the Court's duty to balance the public's right to access judicial records with the need to protect sensitive information and prevent undue harm. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016).

We value the Court's attention to this matter and are prepared to provide any additional information or documentation that may assist in the Court's determination.

Thank you for your consideration of this request.

Respectfully Submitted,

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
     MEGHAN A. DIBBINI

MAD

cc:  Paul Lieberman, Esq.
*Attorney for Plaintiff*
Ballon Stoll P.C.
810 7th Ave, Suite 405
New York, NY 10019
212-575-7900
Email: plieberman@ballonstoll.com

37020748.1:12558-0009

> Application GRANTED. The Court finds the redactions are narrowly tailored to reasons that justify overcoming the presumption in favor of public access to judicial documents. The Court also notes that ECF No. 10-2 appears to contain some of the material Defendants have redacted in the Complaint. The Clerk of Court is therefore directed to file and maintain ECF Nos. 1 and 10-2 under seal (i.e., convert both entries to Court and party view only) and to terminate ECF No. 10.
>
> SO ORDERED.
>
> March 14, 2025

**WOOD • SMITH • HENNING • BERMAN**