**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
JOSHUA PICKAR,

*Plaintiff*, Docket No.: 25-cv-1353

-against-

INDIANA FEDERAL COMMUNITY DEFENDERS, INC., and MONICA FOSTER, ANGELA ELLEMAN, and SARA VARNER in their personal and official capacities, and JEAN GILES in her official capacity,

*Defendants*.
---------------------------------------------------------------X

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law and all prior pleadings and proceedings herein, Plaintiff will move this Court, at a date and time to be determined by the Court, for an Order pursuant to Federal Rule of Civil Procedure 12(f), striking in whole or in part the Affirmative Defenses set forth in Defendants' Answer to the Amended Complaint and requesting the Court enter a protective order staying Plaintiff's obligation to respond to discovery requests until this motion is resolved and Defendants have reissued their discovery requests.

## MEMORANDUM OF LAW

In their July 2, 2025, Answer, Defendants asserted twenty-five affirmative defenses in boilerplate fashion, without alleging any supporting facts. Dkt. 42. These bare legal conclusions fail to meet the pleading standards required by the Federal Rules of Civil Procedure and applicable Second Circuit precedent. As such, Plaintiff respectfully moves to strike these defenses under Rule 12(f) to avoid undue prejudice, intrusive discovery, and confusion of the issues. Plaintiff also moves the Court to enter a protective order staying Plaintiff's obligations to respond to Defendants' discovery requests until this motion is resolved and Defendants reissue discovery requests appropriately tailored to the contours of the case. Plaintiff reserves the right to seek fees or other relief under Fed. R. Civ. P. 11 or the Court's inherent authority.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Affirmative defenses must be pleaded with sufficient factual specificity to give fair notice to the opposing party and to comply with the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See also GEOMC Co. Ltd. v. Calmare Therapeutics, Inc.*, 918 F.3d 92 (2d Cir. 2019); *Jane St. Grp. v. Millenium Mgmt.*, 24-CV-2783, 2024 WL 3357005, at *2-5 (S.D.N.Y. July 10, 2024). Conclusory or

boilerplate defenses lacking any factual support are insufficient and must be stricken. *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010).

Moreover, all filings submitted to the Court must comply with the duty of candor and truthfulness imposed by the Federal Rules of Civil Procedure and the Court's ethical standards. Rule 11(b)(3) requires that factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after further investigation. Assertions without any factual basis undermine the integrity of the judicial process and warrant corrective action, including striking improper defenses. Accordingly, when affirmative defenses are asserted without any factual basis or contain only conclusory allegations, courts in this Circuit routinely grant motions to strike to ensure that only plausible, well-supported defenses proceed.

## ARGUMENT

### I. The Court should strike Defendants' affirmative defenses.

#### A. Many of defendants' affirmative defenses lack any factual support and fail to provide fair notice.

Defendants assert numerous affirmative defenses without providing any factual support:

- **1:** The Plaintiff's claims are barred by the statute of limitations.
- **6:** At all relevant times, Defendants acted reasonably and in lawful exercise of discretion and business judgment, and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory or otherwise actionable.
- **7:** Any injury allegedly sustained by Plaintiff resulted from Plaintiff's own culpable or negligent conduct, or that of third parties, and was not proximately caused by any act or omission of the Defendants.
- **8:** Plaintiff's damages are barred in whole or in part by after-acquired evidence of misconduct.

- **12:** Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, and damages alleged in the Complaint.
- **14:** Plaintiff's claims are barred by the doctrine of unclean hands.
- **15:** Plaintiff's claims are barred by the waiver doctrine.
- **16:** Plaintiff's claims are barred by the doctrine of *in pari delicto*.
- **17:** Plaintiff's injuries were caused in whole or in part by the culpable conduct of Plaintiff.
- **19:** Any of Plaintiff's alleged adverse employment actions taken against him, were the result of Plaintiff's poor job performance, and/or business related decisions, and not any wrongful conduct attributable to Defendants.
- **20:** Plaintiff lacks standing to bring the claims asserted in the Complaint.
- **21:** Plaintiff's claims are barred or reduced by virtue of the failure of Plaintiff to satisfy necessary conditions precedent and/or subsequent.

Such bare allegations violate Rules 8(b)(1)(A), 8(c), and 11(b)(3), which require that affirmative defenses be grounded in specific factual contentions or a good-faith belief that such facts will be developed in discovery when specifically identified. *See GEOMC*, 918 F.3d at 98. The court should strike Defenses 1, 6, 7, 8, 12, 14, 15, 16, 17, 19, 20, and 21.

### B. Defendants' remaining affirmative defenses are not affirmative defenses and must be stricken.

Several of the purported defenses are not affirmative defenses at all. For example:

- The Second Defense ("fails to state a cause of action") and Twenty-Second Defense ("claim for attorneys' fees, costs, interest and/or other extracontractual costs fail to state a claim) are waived arguments under Rule 12(b), not affirmative defenses.
- Many of the so-called affirmative defenses are simply denials of Plaintiff's allegations:
    - 3: The documentary evidence incontrovertibly refutes Plaintiff's factual and legal assertions.

  - 4: Defendants' conduct was complicit with all applicable statutes, laws, and regulations.
  - 5: Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights.
  - 9: Defendants did not encourage, condone, approve or participate in any allegedly discriminatory conduct.
  - 11: Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any discriminatory or otherwise wrongful conduct with malice or reckless indifference to Plaintiff's rights.
  - 13: Plaintiff has suffered no damages attributable to actionable conduct by Defendants.
  - 18: Plaintiff's claims are devoid of merit because Plaintiff has no basis for recovery against the Defendants.
  - 23: Plaintiff's requests for modifications and/or accommodations of Defendants' policies, practices and procedures are unreasonable.
  - 24: To the extent that Plaintiff was not provided with full and equal accommodations advantages, facilities, privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.
  - 25: Plaintiff has not sustained damages, and therefore is not entitled to the relief requested.

- The Tenth Defense is an unsupported legal conclusion regarding constitutional bars to punitive damages.

Therefore, the Court should strike affirmative defenses 2, 3, 4, 5, 9, 10, 11, 13, 18, 22, 23, 24, 25, as improper.

## II. Defendants' purported affirmative defenses prejudice Plaintiff and discovery should be stayed pending resolution of this motion.

Defendants' twenty-five conclusory affirmative defenses have distorted the scope of discovery and require the Court to stay Plaintiff's production obligations until resolution of this motion. The Court has broad discretion under Rule 26(c) to limit or stay discovery to protect parties from undue burden and expense. *See GEOMC*, 918 F.3d at 98. There is no prejudice to Defendants in pausing discovery linked to these defenses when no factual basis has been provided.

Here, Defendants' discovery requests are untethered to any well-pleaded claim or defense, including demands for:

- Dating app communications (RFP 20, Interrogatory 24)**;**
- Phone records since January 2022 (RFP 21);
- Dates of stand-up comedy performances (Interrogatory 32);
- Travel details to every U.S. state since 2019 (Interrogatory 33);
- Compensation, job titles, supervisors, and contact info for all employment outside IFCD since 2019 (Interrogatories 9–10);
- All emails addresses and phone numbers since 2019 (Interrogatories 13–14); and
- All tax returns, W-2s, 1099s, and paystubs since 2019 (RFP 31).

Meanwhile, Defendants refused to produce obviously relevant documents, such as "documents and communications between or among Defendants concerning Mr. Pickar, including concerning Mr. Pickar's hiring." Dkt. 43 at 3. This asymmetry is exactly what Rules 26 and 12(f) are designed to curb. Defendants should not be permitted to assert 25 conclusory affirmative defenses without factual basis and then use them to justify a discovery campaign untethered to the actual issues in dispute. Accordingly, Plaintiff respectfully requests a stay of discovery obligations pending resolution of this motion lasting until Defendants subsequently reissue discovery requests appropriately tailored to the contours of the case. Fed. R. Civ. P. 26(c).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike, in whole or in part, Defendants' Affirmative Defenses pursuant to Rule 12(f). Plaintiff further requests that the Court issue a protective order staying Plaintiff's obligation to respond to discovery requests until this motion is resolved and

Defendants reissue discovery requests appropriately tailored to the contours of the case.

Dated: New York, New York
July 8, 2025

BALLON STOLL P.C.
By: s/ Paul A. Lieberman
Paul A. Lieberman, Esq. (PL 5583)
Marshall B. Bellovin, Esq. (MB5508)
*Attorneys for Plaintiff*
810 Seventh Avenue, Suite 405
New York, New York 10019
(212) 575-7900