# BALLON STOLL P.C.

COUNSELLORS AT LAW          FOUNDED 1931                               810 SEVENTH AVENUE
                                                                                SUITE 405
                                                                        NEW YORK, NY 10019
                                                                           Ph: 212-575-7900

                                                                          www.ballonstoll.com

July 3, 2025

                                                                         PAUL A. LIEBERMAN
                                                                                 PARTNER
                                                                    plieberman@ballonstoll.com

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   Letter-Motion to Compel Production of Documents *Joshua Pickar v. Indiana Federal Community Defenders, Inc., Monica Foster, Angela Elleman, Sara Varner in their personal and official capacities, and Jean Giles in her official capacity*
      Civil Action No.: 1:25-cv-01353

Dear Judge Furman,

Plaintiff Joshua Pickar respectfully moves the Court under Rule 37(a) to issue an order compelling Defendants to produce documents that are responsive to the following Requests for Production ("RFPs") that were duly served by Plaintiff. Defendants have refused to produce documents responsive to these RFPs solely on bases other than privilege that have been judicially rejected. Objections to discovery requests based solely on "boilerplate", such as overbreadth, burden, vagueness, or relevance—absent case-specific explanation—are insufficient under Fed. R. Civ. P. Rule 34(2)(B). See *Fischer v. Forrest*, 2017 WL 773694, at 3 (S.D.N.Y. Feb. 28, 2017). Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made. For example, listing of custodians, sources, date ranges, search terms and search methodology, should have been provided. See *Michael Kors, LLC v. Su Yan Yee,* Opinion and Order, 1: 18-CV-2684 (KHP) document 53, April 8, 2019. Most recently, the New York Law Journal published an article by Jessica Falk on May 14, 2025, describing the judicial rejection of boilerplate discovery objections. Plaintiff included date ranges in its Requests.

Plaintiff made these RFPs on May 9, 2025, 49 days ago. Plaintiff requested, and Defendants agreed to produce, some of the documents in the May 9 to even before the RFPs. See, e.g., Dkt. 32-1 at 2 (May 1, 2025, letter stating, "Defendants[] agree to provide a copy of any performance improvement plan, and/or similar internal communications identified as 'concerns with Pickar', if any."). Defendants provided an overview of their objections, and Plaintiff gave his responses, during a June 3, 2025, call. Defendants reiterated their objections, and Plaintiff reiterated his responses, by email on June 5, 2025. Defendants then served their formal responses and objections on June 9, 2025.

Hon Jesse M. Furman
July 3, 2025
Page 2

Attached as **Exhibit A** is a document showing (i) Plaintiff's requests, (ii) Defendants' objections, and (iii) the reasons the Court should compel production by the Defendants. Attached as **Exhibit B** are Plaintiff's May 9, 2025, Request for Production. Attached as **Exhibit C** are Defendants' June 9, 2025, Responses and Objections.

As shown below, Defendants have stonewalled production of routine, relevant employment records by relying on boilerplate objections that do not withstand scrutiny. Their refusals are not based on any claim of privilege or protection, but simply on their own unilateral view of what is "relevant" or "burdensome." Defendants also failed specify the scope of discovery production it could make, even requesting "rolling production" of a portion of the responses. This is improper under both the Federal Rules and the clear precedent of this Court. The Court should compel production of the requested documents by Defendants.

For the foregoing reasons and as included in Exhibit A, , Plaintiff respectfully requests that the Court order Defendants to:

a.) Produce all non-privileged documents responsive to RFPs 1, 2, 3, 4, 6, 8, 15, 17, 20, 21, 26, 27, 28, 29, 30 within 14 days; and
b.) Award Plaintiff reasonable attorneys' fees and costs for bringing this motion under Rule 37(a)(5).

Respectfully Submitted,

*Paul A. Lieberman*

Paul A. Lieberman (PL 5583)
Counsel for Plaintiff

CC:  Marshall B. Bellovin, Esq. (via ECF)
      Nicole R. Koumasidis, Esq.
      Seth Bursky, Esq. (via ECF)

> The Court agrees with Defendants that Plaintiff failed to comply with the requirement to meet and confer in good faith prior to seeking this relief. See ECF No. 47. That is, it is clear that further discussion could perhaps narrow, if not eliminate, the parties' disputes. No later than July 17, 2025, counsel shall meet and confer (in person or by video) for no less than one hour to discuss the items referenced above and Plaintiff's motion to strike Defendants' affirmative defenses at ECF No. 45. This letter-motion is DENIED without prejudice to renewal following that meet and confer. As for the the motion to strike, Defendants shall file any opposition (indicating any affirmative defenses that they do not actually intend to press) by July 23, 2025; any reply shall be filed by July 30, 2025. Unless and until the Court orders otherwise, Plaintiff's request for a stay of discovery pending a ruling on the motion is denied. (For avoidance of doubt, Plaintiff shall file any opposition to Defendants' letter-motion seeking a protective order, see ECF No. 44, by July 14, 2025.)
>
> The Clerk of Court is directed to terminate ECF No. 43.
>
> SO ORDERED.
>
> July 10, 2025