UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JOSHUA PICKAR,

                Plaintiff,                Case No. 1:25-cv-01353 (J.M.F.)

    -against-                        **PROTECTIVE ORDER**

INDIANA FEDERAL COMMUNITY
DEFENDERS, INC., and MONICA FOSTER,
ANGELA ELLEMAN, SARA VARNER in their personal and
official capacities, and JEAN GILES in her official capacity,

                Defendants.
------------------------------------------------------------------------ x

    WHEREAS, Defendants respectfully request this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that the parties to this action (collectively, the "Parties," and individually, a "Party")  may need to disclose in connection with discovery in this case; and

    WHEREAS, Plaintiff, and all individually named Defendants are attorneys and employees of Defendant Indiana Federal Community Defenders, Inc.("IFCD"); and

    WHEREAS, the IFCD provides legal representation to clients in criminal matters, including those who have been convicted and sentenced to death; and

    WHEREAS, the disclosure of documentation, communications, and information relating to and/or concerning the IFCD's representation of its clients may, and is likely to, result in extreme adverse consequences to IFCD clients; and

    WHEREAS the Parties seek to protect any and all information which is nonpublic and confidential relating to the IFCD's representation of their clients; and

1

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality/protective order governing this action,

IT IS HEREBY ORDERED that any person subject to this Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, attorneys, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. The Parties each have access to highly confidential, privileged, client information in connection with the legal services provided while employed by the IFCD.

2. It is paramount that such client information be kept confidential, nonpublic, and otherwise protected, *inter alia*, for the benefit of the IFCD clients.

3. The primary purpose of this Protective Order is to prevent or limit the disclosure of information which may reasonably undermine, or adversely impact the IFCD's representation of its clients.

4. Any Party, whether sending, receiving, or otherwise aware of any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action), may designate ("Designating Party") in whole or in part, such Discovery Material as "Confidential", only if counsel determines reasonably and in good faith that such designation:

   a. concerns the protection of IFCD clients' legal interests, including but not limited to their legal rights, the handling and/or outcome(s) of any legal proceeding(s) or matter in which the IFCD is representing or has represented such client, and/or any scenario of similar import, for which disclosure of such information has the potential to adversely impact those interests; and/or

  b. is sensitive and non-public information that is of a personal or intimate nature, including but not limited to Discovery Material, disclosure of which is subject to a contractual or other duty of confidentiality owed by a Party to a third party, and/or

  c. is proprietary in nature.

5. Any person subject to this Protective Order shall not disclose any Discovery Material designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material"), except as expressly permitted herein.

6. A person seeking to designate any material as "Confidential Discovery Material", shall do so by providing written notice to the counsel of the non-designating Party within seven (7) days of producing, receiving, or learning of the disclosure of such material. During the 7-day period, all Discovery Material provided shall be treated as if it had been designated Confidential.

7. No person subject to this Protective Order other than the Designating Party shall disclose any of the Discovery Material designated as Confidential to any other person whomsoever, except as reasonably necessary to:

  a. the Parties to this action, their insurers, and counsel to their insurers;

  b. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   d. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

   f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   h. any third-party not identified herein to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   i. stenographers engaged to transcribe depositions conducted in this action; and

   j. this Court, including any appellate court, and the court reporters and support personnel for the same.

  8. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, a Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

  9. With respect to deposition transcripts and exhibits, a Designating Party or that Party's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the

transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the period following the deposition prior to designation of confidential testimony provided during the deposition, the entire deposition transcript shall be treated as if it had been designated Confidential.

10. If at any time prior to the trial of this action, a Party realizes that some portion(s) of Discovery Material should be designated as Confidential, such Party may so designate such material by so apprising the non-designating Party in writing, and thereafter such designated portion(s) of the Discovery Material shall be deemed to be and treated as Confidential under the terms of this Protective Order.

11. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with applicable procedural rules. .

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with applicable procedural rules.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) shall not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action, provided disclosure of such documents or information do not violate any other provision herein.

14. Nothing in this Protective Order shall prevent any Party or person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such party or person receiving such a request will (unless prohibited by law from doing so) provide written notice to all Parties before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable a non-producing Party to seek to oppose the intended producing party's compliance with the subpoena, other compulsory process, or other legal notice if the non-producing Party deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, shall do so pursuant to applicable procedural rules.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17. Each Party or person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of an inadvertent disclosure or production of any Confidential Discovery Material

that is subject to an objection on the basis of attorney-client privilege or work-product protection, said disclosure shall not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the Confidential Discovery Material as attorney-client privileged or subject to the work product doctrine at a later date. A Designating Party asserting such a privilege shall provide written notice, upon which, the recipient(s) shall take reasonable steps to ensure the Confidential Discovery Material is removed from disclosure including but not limited to returning, retracting, or striking such Confidential Discovery Material, and shall notify the Designating Party in writing of the step(s) taken to do so within one (1) business day of receipt of such notice, regardless of whether the non-designating Party agrees with the Designating Party's claim of privilege and/or work-product protection. Subsequently, if the non-designating Party objects to the Designating Party's privilege assertion, the Parties shall meet and confer to attempt to reach an amicable resolution. If no such resolution is reached, the non-designating Party is permitted to seek Court intervention. Disclosure of the Confidential Discovery Material by a non-designating party prior to a later designation shall not be deemed a violation of the provisions of this Order provided the non-designating Party complies with the applicable provisions herein. This Clawback Provision shall be governed by Federal Rule of Evidence 502(d), and shall extend to and include, any and all non-parties.

    18.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the parties or persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the party or person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or

defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly destroyed, and each party shall provide a completed Certificate of Destruction for such material.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court and/or liability for damages caused by said violation(s). This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____
Jesse M. Furman
United States District Judge
Dated: August 7, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JOSHUA PICKAR,

                        Plaintiff,                        Case No. 1:25-cv-01353 (J.M.F.)

    -against-                                    **PROTECTIVE ORDER**

INDIANA FEDERAL COMMUNITY
DEFENDERS, INC., and MONICA FOSTER,
ANGELA ELLEMAN, SARA VARNER in their personal and
official capacities, and JEAN GILES in her official capacity,

                        Defendants.
------------------------------------------------------------------------ x

       I,_____ , acknowledge that I have read and understand the Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information within 30 days of the conclusion of the litigation. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


       Dated: _____